UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN SAWYER,

    Plaintiff,

v.                                                                          Case No. _____

BMO HARRIS BANK N.A.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Justin Sawyer brings this action against Defendant BMO Harris Bank N.A. and alleges:

## Introduction

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

2. Plaintiff brings claims for actual and punitive damages against Defendant for its inaccurate reporting, and for its failure to investigate Plaintiff's disputes of that inaccurate reporting.

## Jurisdiction, Venue, and Parties

3. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Defendant BMO Harris Bank N.A. ("BMO Harris") has its principal place of business located at 111 West Monroe Street, Chicago, Illinois 60603. BMO Harris regularly conducts business in the State of Florida.

5. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida; this suit arises out of Defendant's specific conduct with Plaintiff in Florida; and Plaintiff was injured in Florida.

6. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Pasco County, Florida.

7. Plaintiff is a natural person residing in Pasco County, Florida.

8. Plaintiff is, and was, at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

## General Allegations

9. Upon information and belief, on December 8, 2017, an unknown individual fraudulently used Plaintiff's identification information to open a BMO Harris credit card in Plaintiff's name with a $5,500 credit limit. There were no payments made on the account and eventually BMO Harris charged the account off with an outstanding balance of $12,453.

10. Plaintiff has never had an account of any kind with BMO Harris.

11. On October 11, 2019, Plaintiff completed an online FTC Identity Theft report, including the fraudulent BMO Harris account that was opened under his name without his knowledge.

12. On October 24, 2019, Plaintiff filed a police report with the Pasco County Sheriff's Office (Case #: 19-044507) detailing the identity theft allegations.

13. Plaintiff also included an Identity Theft Victim's Complaint and Affidavit with the police report.

14. On March 11, 2020, Plaintiff pulled his Equifax and Experian credit reports.

15. Plaintiff's March 11, 2020, Equifax and Experian credit reports included the fraudulent BMO Harris credit card account.

16. On April 6, 2020, Plaintiff sent written letters to Equifax and Experian disputing the BMO Harris account and explaining that he was a victim of identity theft.

17. On July 8, 2020, Plaintiff pulled his Equifax and Trans Union credit reports.

18. Plaintiff's July 8, 2020, Equifax and Trans Union credit reports still included the fraudulent BMO Harris credit card account.

19. On July 21, 2020, Plaintiff mailed additional dispute letters to Equifax and Trans Union. The dispute letters explained in great detail that the BMO Harris credit card account was not his account.

20. Plaintiff received dispute results from Trans Union dated August 25, 2020. The results of Trans Union's investigation verified that the charged off BMO Harris credit card account belonged to Plaintiff.

21. On September 3, 2020, Plaintiff disputed the fraudulent BMO Harris account again with Experian and Trans Union.  Included with the detailed dispute letters were copies of Plaintiff's FTC ID Theft Complaint, the police report filed with the Pasco County Sheriff's Office, and his accompanying Identity Theft Victim's Complaint and Affidavit.

22. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendant, as well as emotional distress, aggravation, frustration and stress.

23. All necessary conditions precedent to the filing of this action have occurred.

## COUNT I
**(Violations of FCRA § 1681s-2(b) as to BMO Harris Bank N.A.)**

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23, including all subparts, as if fully set forth herein.

25. BMO Harris is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

26. BMO Harris published false information regarding Plaintiff's alleged debt obligation and the fraudulent BMO Harris accounts to consumer reporting agencies (CRAs), and through those CRAs to all of Plaintiff's potential lenders.

27. On one or more occasions within the past two years, by example only and without limitation, BMO Harris violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

28. When Plaintiff submitted his disputes the CRAs used a dispute system named "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as BMO Harris.  e-OSCAR is an automated system that uses procedures that are systematic and uniform.

29. When a CRA receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

30. The ACDV form is the method by which BMO Harris has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

31. Based on the manner of the response to Plaintiff's disputes, representing that BMO Harris had verified the supposed accuracy of the fraudulent account, Plaintiff alleges that on one or more occasions the CRAs did in fact forward Plaintiff's disputes via ACDV to BMO Harris.

32. BMO Harris understood the nature of the Plaintiff's disputes when it received the ACDVs.

33. BMO Harris violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of BMO Harris' representations; by failing to review all relevant information regarding Plaintiff's dispute of the fraudulent BMO Harris accounts; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of BMO Harris' representations to the consumer reporting agencies.

34. BMO Harris violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after BMO Harris had been notified of the dispute and that the information was inaccurate.

35. As a result of BMO Harris' conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

36. BMO Harris' conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, BMO Harris was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BMO Harris Bank N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from

further violations of these parts and any other such relief the Court may deem just and proper.

                                               Respectfully submitted,

                                               *s/ Joshua R. Kersey*
                                               Joshua R. Kersey
                                               Florida Bar No. 87578
                                               MORGAN & MORGAN, P.A.
                                               One Tampa City Center
                                               201 N Franklin Street, 7th Floor
                                               Tampa, Florida 33602
                                               Telephone: (813) 223-5505
                                               Facsimile: (813) 222-2490
                                               JKersey@ForThePeople.com
                                               TDowdy@ForThePeople.com
                                               *Attorney for Plaintiff*